# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MAC CLARENCE DAVIS JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-11-334-HE |
| | ) | |
| MIKE MULLIN, et al., | ) | |
| | ) | |
| Respondents.[1] | ) | |

## ORDER

Petitioner Mac Clarence Davis Jr., a state prisoner appearing *pro se*, filed this action under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who recommended *sua sponte* that the petition, filed over six years after the one year limitations period set by 28 U.S.C. § 2244(d)(1) had expired, be summarily dismissed as being untimely.

The magistrate judge recognized that the limitations period is subject to both statutory and equitable tolling.[2] However, she concluded there was no statutory tolling as petitioner's post-conviction application was filed after the one-year limitations period had passed. She also concluded that petitioner failed to show the extraordinary

---

[1] As recommended by the magistrate judge, the court dismisses Drew Edmondson, former Attorney General of the State of Oklahoma. The proper respondent is Mike Mullin, as petitioner is presently in his custody.

[2] Although petitioner apparently recognized there was a limitations issue and offered a basis for equitable tolling in his petition – his counsel's failure to file a timely appeal–the magistrate judge noted that petitioner would also have the opportunity to address the timeliness issue by filing an objection to the Report and Recommendation.

circumstances and required diligence in pursuing his claims for habeas relief that is required for the limitations period to be equitably tolled.

The petitioner filed an objection to the Report and Recommendation but focused on the issue of procedural default and the asserted ineffectiveness of his counsel. He did not explain the six year gap between two October, 2003, filings pertaining to an appeal from the trial court's denial of his motion to withdraw his guilty plea, and his December 2009, application for post-conviction relief. Petitioner has not shown he was sufficiently diligent in pursuing his rights to merit equitable tolling.

The court concurs with the magistrate judge that petitioner did not file his habeas petition within the one year statute of limitations set by the Antiterrorism and Effective Death Penalty Act and concludes he has not demonstrated a basis for tolling the limitations period. Accordingly, the court adopts Magistrate Judge Roberts' Report and Recommendation and dismisses the action with prejudice. The court also denies a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 17th day of August, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE